UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:9:19-cv-80339-RLR/BER

MARILYN SOTO ALDANA,

     Plaintiff,

     v.

AUDIOLOGY DISTRIBUTION, LLC,
d/b/a HEARUSA,

     Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Defendant, Audiology Distribution, LLC, d/b/a HearUSA ("ADL" or "Defendant"), hereby submits its response to Plaintiff's Motion for Attorneys' Fees, and in support, states as follows:

### I.    The Court Lacks Jurisdiction to Consider Plaintiff's Motion for Attorneys' Fees.

The Court lacks jurisdiction to consider Plaintiff's motion for an award of attorney's fees. The Court approved the settlement reached with Plaintiff and dismissed the case **with prejudice**, without retaining jurisdiction to consider attorneys' fees motions.  (DE 54, Grant of Settlement Approval and Final Order of Dismissal, ¶ 1) ("the parties' Settlement Agreement [DE 52] is **APPROVED**, and this action is **DISMISSED WITH PREJUDICE**.") (emphasis in original). The Court did not retain jurisdiction to consider Plaintiff's motion for attorneys' fees.  The Court only retained jurisdiction to enforce the settlement should, for example, ADL not have paid Plaintiff the agreed upon settlement proceeds.  Accordingly, the Court should summarily reject Plaintiff's motion.

1

*Aldana v. Audiology Distribution, LLC d/b/a HearUSA*
Case No.9:19-cv-80339-RLR
Defendant's Response to Plaintiff's Motion for Attorneys' Fees

The unusual sequence of events that led to this result were of Plaintiff's making. Plaintiff's counsel insisted that the Court first enter an order approving the settlement with Plaintiff before he would even discuss Plaintiff's demand for attorneys' fees. At the conclusion of the fairness hearing on the settlement with Plaintiff, Judge Reinhart entered a Report and Recommendation stating: "Based on the undersigned's review of the settlement agreement submitted at DE 51 and discussion with counsel at the fairness hearing held on 7/22, the undersigned respectfully recommends that the District Court approve the FLSA settlement agreement **and set briefing on the remaining issue of attorney fees**." [DE 52] (emphasis added). The Court then entered an order approving the settlement and dismissing the case with prejudice. The Court did not set a briefing schedule on the remaining issue of attorneys' fees and did not specifically retain jurisdiction to consider Plaintiff's motion.

The Court should summarily reject Plaintiff's motion.

In the event that the Court should determine that it, in fact, retained jurisdiction to consider Plaintiff's motion for attorneys' fees, ADL provides its additional response in opposition to that motion.

## II.      Introduction.

Plaintiff was employed by ADL as a sales representative. (DE 1, Compl. ¶ 6.) The Complaint alleges that Plaintiff was owed the minor sum of $2,266.41 in unpaid overtime wages overtime hours which Plaintiff allegedly worked **three** years prior to the date when she filed the Complaint. Accordingly, Plaintiff would have had to prove that ADL's failure to pay her alleged overtime wages was willful, in addition to proving that she worked any of the alleged overtime hours over three years prior to filing suit. Yet, Plaintiff did not report the alleged failure to pay overtime to ADL at any time prior to filing a federal lawsuit for $2,266.41, plus liquidated

*Aldana v. Audiology Distribution, LLC d/b/a HearUSA*
Case No.9:19-cv-80339-RLR
Defendant's Response to Plaintiff's Motion for Attorneys' Fees

damages, for a grand total of $4,532.81.[1]  Plaintiff's counsel made no effort to contact ADL as part of his obligation to conduct a reasonable investigation into the facts of Plaintiff's claim before filing suit.  Plaintiff's counsel did not send notice of Plaintiff's claim or attempt to resolve the matter with ADL before filing suit.  Plaintiff and her counsel simply filed suit making a "federal case" out of a minor claim.

After being served with the Complaint, ADL's counsel promptly reached out to Plaintiff's counsel, Elliot Kozolchyk, to open settlement negotiations and to forestall unnecessary and costly litigation.  Kozolchyk, however, responded by failing to negotiate in good faith and by churning the file needlessly in order to increase his fees.  Kozolchyk has engaged in a pattern of such bad faith conduct in other FLSA wage cases resulting in sanctions recently being imposed against him by Judge Cooke.  *See Olguin v. Florida's Ultimate Heavy Hauling*, No. 17-61756-Civ-Cooke/Goodman, 2019 U.S. Dist. LEXIS 95284 (S.D. Fla. June 5, 2019).[2]  Kozolchyk's conduct in this case, similarly, warrants a determination that a "reasonable fee" is **no fee**.

---

[1] If Plaintiff had filed this case in state court, it would have been within the jurisdiction of the Small Claims Court.  A small claims case is a legal action filed in county court to settle **minor** legal disputes among parties where the dollar amount involved is $5,000 or less, excluding costs, interest, and attorneys' fees.  *See* Fla. Sm. Cl. R. 7.010(b) ("These rules are applicable to all actions of a civil nature … which contain a demand for money … the value of which does not exceed $5,000 **exclusive** of costs, interest, and attorneys' fees.") (emphasis added).

[2] See also, *Nelson v. Kobi Karp Architecture & Interior Design, Inc.*, No. 17-23600-CIV-Seitz/Mcaliley, 2018 U.S. Dist. LEXIS 197046, *2 (May 8, 2018), *reconsideration denied*, 2018 U.S. Dist. LEXIS 101795 (S.D. Fla. June 19, 2018) (Plaintiff's motion for fees denied because Kozolchyk "unreasonably and unnecessarily dragged [the] case out in order to increase his fees"); *Batista v. S. Florida Woman's Health Associates, Inc.*, No. 18-61075-CIV-Moreno/Seltzer, 2018 U.S. Dist. LEXIS 194123, *12 (Nov. 13, 2018), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 211348 (S.D. Fla. Dec. 13, 2018) (Kozolchyk-filed motion for attorneys' fees denied, court noted: "just 12 days after filing the Complaint – Plaintiff's counsel was aware that, at most, a mistake had occurred, which could easily be rectified. From that date forward, both Plaintiff's counsel and his client knew that Defendants were willing to issue a new check; the only obstacle to resolution throughout was the fee demand of Plaintiff's counsel."); *Little v. Garden of New Beginnings Inc.*, No: 19-80207-CV-Middlebrooks, 2019 U.S. Dist. LEXIS 149614, *4-6 (S.D. Fla.

*Aldana v. Audiology Distribution, LLC d/b/a HearUSA*
Case No.9:19-cv-80339-RLR
Defendant's Response to Plaintiff's Motion for Attorneys' Fees

### III. Background.

1.      Plaintiff attached her statement of claim to the Complaint at DE 1-3. In her statement of claim, Plaintiff asserted that she was owed overtime wages in the gross sum of $2,266.41 and she sought an award of liquidated damages in a like amount [DE 1-3]. Plaintiff stated the gross total of her claim for purported unpaid overtime wages and liquidated damages (without appropriate deductions for withholding taxes) was $4,532.81 [DE 1-3].

2.      ADL was served with the summons and Complaint on March 14, 2019. ADL promptly advised Plaintiff's counsel on March 28, 2019 that ADL was interested in discussing early resolution of the case "before either party incurs unnecessary litigation expenses." (**Ex. A**, e-mail from M. Lindberg to E. Kozolchyk, dated March 28, 2019.) Plaintiff's counsel did not respond to that e-mail.

3.      ADL's counsel reached out to Plaintiff's counsel, again, on April 3, 2019 regarding early resolution of the case. (**Ex. B**, e-mail from M. Lindberg to E. Kozolchyk, dated April 3, 2019) ("I have been trying to reach you, primarily, to explore early resolution of this case and am requesting, again, the courtesy of a return e-mail or phone call.") While he responded to ADL's request for an extension of time to respond to the Complaint, Plaintiff's counsel never responded regarding ADL's request to discuss early resolution of the case.

4.      On April 17, 2019, ADL conveyed an offer of settlement to Plaintiff's counsel for the full amount (without deduction for applicable taxes) of Plaintiff's claimed damages in the gross sum of $4,532.81, plus an initial offer $1,000 for attorney's costs (which would have covered

---

Aug. 30, 2019) (Court approved settlement in part but reduced fee award to Plaintiff's counsel, Kozolchyk, from $7,045.00 to $1,500, noting: "the need for careful scrutiny of attorney's fees is particularly acute given the history of excessive and unnecessary attorney's fees charged by Plaintiff's counsel, Elliot Kozolchyk.")

*Aldana v. Audiology Distribution, LLC d/b/a HearUSA*
Case No.9:19-cv-80339-RLR
Defendant's Response to Plaintiff's Motion for Attorneys' Fees

Plaintiff's filing/service of process fees of $441.00 and provided $559.00 for preparation of the Complaint).  (**Ex. C**, e-mail from M. Lindberg to E. Kozolchyk, dated April 17, 2019.)

5.     Plaintiff's counsel acknowledged the settlement offer and accepted the amount offered to Plaintiff in satisfaction of her claims for unpaid overtime wages and liquidated damages. (**Ex. D**, e-mail from E. Kozolchyk to M. Lindberg, dated April 17, 2019 at ¶ 1)  ("Defendant will pay Plaintiff $4,532.81").  Plaintiff's counsel rejected the amount offered for attorney's fees/costs and refused to provide a counter-offer.  *Id.*

6.     When ADL conveyed its settlement offer in the full sum of Plaintiff's statement of claim for unpaid overtime wages and liquidated damages, plus an opening offer on attorneys' fees/costs, the only actions taken by Plaintiff in this case were the preparation and filing of the Complaint [DE 1] and the summons [DE 3].  An index of the pleadings as of April 17, 2019 is as follows:

| Filing Date | Docket Entry | Title |
| --- | --- | --- |
| 4/4/2019 | 8 | Order granting Defendant's motion for extension of time |
| 4/3/2019 | 7 | Defendant's motion for extension of time to respond to complaint |
| 3/26/2019 | 6 | Standing Discovery Order |
| 3/22/2019 | 5 | Order of Court-Mandated Requirements in FLSA-Based Cases |
| 3/22/2019 | 4 | Scheduling order |
| 3/12/2019 | 3 | Summons |
| 3/11/2019 | 2 | Clerk's notice of judge assignment |
| 3/11/2019 | 1 | Complaint |

7.     Due to Kozolchyk's bad faith behavior and refusal even to convey a settlement demand for Plaintiff's attorneys' fees/costs, ADL has been compelled to continue to incur

*Aldana v. Audiology Distribution, LLC d/b/a HearUSA*
Case No.9:19-cv-80339-RLR
Defendant's Response to Plaintiff's Motion for Attorneys' Fees

unnecessary litigation expenses and this Court has expended judicial resources such that Plaintiff's motion for attorneys' fees is DE 59 and the most recent order is DE 63. More than seven (7) months have elapsed since ADL offered to resolve Plaintiff's claim for the full amount of her statement of claim, leaving only the issue of attorneys' fees/costs to be resolved.

8. On May 1, 2019, ADL increased its offer for attorney's fees/costs to $2,000.00 (which would have covered Plaintiff's filing/service of process fees of $441.00 and provided $1,559.00 for preparation of the Complaint and Plaintiff's court-ordered statement of claim). (**Ex. E**, e-mail from M. Lindberg to E. Kozolchyk, dated May 1, 2019.) Again, Plaintiff's counsel confirmed that Plaintiff accepted the gross sum of $4,532.81 in satisfaction of her claims for unpaid overtime wages and liquidated damages. Kozolchyk refused, however, to even discuss resolution of Plaintiff's claim for attorneys' fees/costs. (**Ex. F**, e-mail from E. Kozolchyk to M. Lindberg, dated May 3, 2019) ("Defendant will pay Plaintiff $4,532.81").

9. On May 3, 2019, ADL tendered the full amount of Plaintiff's purported damages (even without appropriate deduction for withholding taxes) in the gross sum of $4,532.81. ADL's check made payable to Plaintiff in the sum of $4,532.81 was delivered to her counsel on May 6, 2019. (*See*, **Ex. G** and **Ex. H**, letter from M. Lindberg to E. Kozolchyk, dated May 3, 2019, and FedEx delivery receipt, dated May 6, 2019, respectively.) Kozolchyk retained ADL's check and still refused to discuss or negotiate a fair and reasonable resolution of Plaintiff's claim for attorneys' fees/costs. Rather, Kozolchyk continued to send lengthy and belligerent emails to ADL's counsel and to engage in tactics designed to churn the file.

10. Plaintiff's statement of claim did not include any demand for attorneys' fees/costs. The Order of Court-Mandated Requirements in FLSA-Based Cases entered on March 22, 2019 [DE 5] required Plaintiff to include "all attorneys' fees and costs incurred to date." [DE 5.] In

*Aldana v. Audiology Distribution, LLC d/b/a HearUSA*
Case No.9:19-cv-80339-RLR
Defendant's Response to Plaintiff's Motion for Attorneys' Fees

response to the Court's order to show cause [DE 10], Plaintiff amended her statement of claim to include her claim for attorney's fees/costs in the sum total of $6,760.00. [DE 17.]  Kozolchyk, however, still refused to acknowledge that the amount stated in Plaintiff's "Statement of Claim" was the value of Plaintiff's settlement demand for that portion of her FLSA claim.  (*See*, **Ex. F**) ("Plaintiff has not made any 'attorney's fees/costs demand.'").

11.     Moreover, rather than filing a straight forward response to the order to show cause [DE 10] and the one sentence supplemental statement of claim [DE 17], Kozolchyk proceeded to file lengthy pleadings which would have been unnecessary had Kozolchyk simply provided a good faith demand for resolution of Plaintiff's attorneys' fees/costs claims from the outset.

12.     Rather than simply respond with a counter-demand for attorney's fees/costs in response to ADL's settlement offer on April 17, 2019 or, even earlier, to respond (prior to the death of his wife) to ADL's request for an opportunity to discuss early resolution of the matter on March 28, 2019, Plaintiff's counsel has multiplied the litigation to drive up attorneys' fees by filing motions, responses, and other papers which were unnecessary had he simply responded in a good faith effort to resolve this case in which Plaintiff sought only minor damages.

**IV.     No Presuit Investigation or Attempt to Resolve Plaintiff's Claims
          Prior to Filing Suit.**

Neither Plaintiff nor her counsel reached out to ADL in an effort to resolve Plaintiff's claim prior to filing the Complaint in federal court.  Judges in the Southern District have repeatedly admonished Plaintiff's counsel for failing to attempt to resolve minor claims before filing suit but Plaintiff's counsel has seemingly ignored those admonitions.  In *Olguin*, Judge Goodman denied Plaintiff's motion for attorneys' fees (and entered sanctions) in part because the "lawsuit (which quickly morphed from an extremely small claim worthy of a telephone call into a full-fledged litigation war) should never have been a lawsuit in the first place."  2019 U.S. Dist. LEXIS 95284

7

*Aldana v. Audiology Distribution, LLC d/b/a HearUSA*
Case No.9:19-cv-80339-RLR
Defendant's Response to Plaintiff's Motion for Attorneys' Fees

at *1-2.  Even earlier, Judge Seitz noted, "Prior to filing suit, neither Plaintiff nor her counsel [Kozolchyk] attempted to reach out to Defendants to resolve this matter." *Nelson*, 2018 U.S. Dist. LEXIS 197046 at *2.  See also, *Sahyers v. Prugh, Holliday & Karatinos*, 2008 U.S. Dist. LEXIS 112849 (M.D. Fla. 2008) (district court denied the fees in part because at no time before filing suit did Plaintiff's counsel attempt to resolve the matter), *aff'd*, 560 F.3d 1241 (11th Cir. 2009).

Similarly, Judge Seltzer admonished Kozolchyk, noting: "Plaintiff had no contact with Defendant [] or anyone on his behalf following her termination. Defendant [] first became aware that Plaintiff was claiming unpaid wages after she filed the (May 13, 2018) Complaint." *Batista*, 2018 U.S. Dist. LEXIS 194123 at *2-3.  Judge Seltzer further stated:  "If ever a frivolous lawsuit was filed, and continues to litigate along, wasting the Court's time and resources, this is it." *Id*. at *6.  As in *Olguin*, *Nelson*, and *Batista*, the Court should deny Plaintiff's motion for an award of attorneys' fees or enter an order finding that no fees is an award of "reasonable fees" in this case.

**V.      Plaintiff's Counsel's Insistence on Litigating and Driving Up Fees
should not be Rewarded – No Fee is a Reasonable Fee in this Case.**

Within 2 weeks of being served with the Complaint, ADL's counsel reached out to Plaintiff's counsel to discuss early resolution of the case.  Accordingly, from the very outset, Plaintiff and her counsel knew that ADL wanted to amicably resolve the case rather than litigate, thereby avoiding unnecessary attorneys' fees and costs.  When Kozolchyk refused to work cooperatively toward resolution of the case, ADL sent a settlement check in the full sum demanded by Plaintiff, which Kozolchyk received and retained and, still, Kozolchyk continued to pursue litigation.

The facts in *Nelson* are substantially similar.  As in the instant case, Defendant's counsel sent an email to Kozolchyk in an attempt to resolve the matter.  Unlike the instant case in which he did not respond, however, Kozolchyk at least responded with a settlement proposal, including

*Aldana v. Audiology Distribution, LLC d/b/a HearUSA*
Case No.9:19-cv-80339-RLR
Defendant's Response to Plaintiff's Motion for Attorneys' Fees

exorbitant attorneys' fees.  Thereafter, the *Nelson* defendant sent settlement checks to Kozolchyk (as happened in the instant case) but Kozolchyk "continued to refuse the $1,500.00 offer to settle the attorney's fee issue." *Nelson*, 2018 U.S. Dist. LEXIS 197046 at *3.  As in the instant case, the *Nelson* defendant then offered to resolve the attorney's fees/costs claims for $2,000.00, which Kozolchyk also rejected.  *Id*. at *4.  As in the instant case, the *Nelson* Court noted:  "Of the 25.8 hours of attorney time for which Plaintiff now seeks fees, 17.7 of those hours were incurred after Plaintiff's counsel received the two checks in full payment of the damages sought by Plaintiff." *Id*.

Based on the facts outlined above which are substantially the same as the instant case, Judge Seitz concluded: it "appears that Plaintiff's Counsel's sole intent, after receiving the checks with the October 24, 2017 letter from defense counsel, was to run up his bill. Under these circumstances, the Court finds it unreasonable, unjust, and inequitable to award Plaintiff any fees." *Id*. at *8.  Judge Seitz's conclusion and findings have been cited with approval by Judge Middlebrooks, Judge Seltzer and Judge Goodman.

The same reasoning and conclusions are appropriate here.  Kozolchyk simply continued to litigate this case after receiving first a confirmed offer to settle Plaintiff's claim for the full amount demanded, plus an initial offer of $1,000 for attorneys' fees/costs which was increased by ADL (without receiving any counter-demand) to $2,000 with the sole intent to run up the amount of his bill.  As Judge Seitz determined in *Nelson*, the Court here should enter an order denying Plaintiff's motion for attorneys' fees because no fee is a "reasonable fee" in this case.

### VI.    Alternatively, Should the Court Determine that Plaintiff is Entitled to an Award for Attorneys' Fees, the Sum Awarded Should be Nominal.

Should the Court be inclined to grant Plaintiff's motion for attorney's fees, only a nominal sum should be awarded.  As Judge Middlebrooks recently found in a FLSA case, "I do not find

*Aldana v. Audiology Distribution, LLC d/b/a HearUSA*
Case No.9:19-cv-80339-RLR
Defendant's Response to Plaintiff's Motion for Attorneys' Fees

Mr. Kozolchyk's billing rate of $350/hour to be reasonable. Indeed, an hourly rate of $350 is at the higher end of the rate which courts in the district typically approve for FLSA cases." *Little*, 2019 U.S. Dist. LEXIS 149614 at *6.   In contrast to Kozolchyk's negotiated attorneys' fee of $7,045.00, Judge Middlebrooks found that "$1,500 in attorney's fees more appropriately reflects compensation which is commensurate with the litigation needs of this case." *Id*.

Similarly, in the instant case, when ADL offered to resolve Plaintiff's claim for the full amount stated in her statement of claim, according to Kozolchyk's time entries [DE 59-1], and accepting only for purposes of illustration the reasonableness of the amount of time billed, Kozolchyk had billed a total of 5.9 hours as of April 17, 2019.  Again, for sake of illustration, even assuming $350 is a reasonable hourly rate (which Judge Middlebrooks opined was too high for a minor FLSA claim such as this one), a "reasonable fee" would be $2,065.00 – almost exactly what ADL offered to resolve the case.

Moreover, here the amount of Kozolchyk's attorneys' fees are "grossly lopsided when compared to the amount in controversy." *Malden v. Wings Over Emerald Coast, Inc*., No. 3:18cv260/MCR/EMT, 2019 U.S. Dist. LEXIS 44884, *25 (M.D. Fla. Feb. 20, 2019).  Kozolchyk seeks an award of attorneys' fees in the sum of approximately $14,000 or nearly 3 times the gross amount paid by ADL to Plaintiff in resolution of her claim.  As the court noted in *Malden,* "the barrier to settlement – and the primary cause of this court's involvement – has neither been about the merits of [the] case nor related to Congress' lofty goals in enacting the FLSA; instead, it has been about [Kozolchyk's] demand for fees." *Id*.

For the reasons discussed by Judge Middlebrooks in *Little*, at most, the Court should award attorneys' fees of between $1,000 and $2,000 (costs have already been separately resolved).

*Aldana v. Audiology Distribution, LLC d/b/a HearUSA*
Case No.9:19-cv-80339-RLR
Defendant's Response to Plaintiff's Motion for Attorneys' Fees

## VII.   Conclusion.

Plaintiff and her counsel knew about the minimal amount in controversy when they initiated this case and Plaintiff's counsel had control over the mounting fees.   ADL's first communication with Plaintiff's counsel was to invite settlement negotiations in an effort to resolve this case and avoid unnecessary attorneys' fees/costs.   Plaintiff and her counsel, however, intentionally chose to drive up attorneys' fees and now seek to recover $14,000 or more from ADL for their unreasonable conduct.   For the reasons set forth above, the Court should not reward Plaintiff and her counsel for their abuse of the fee shifting provisions of the FLSA.   The Court should determine that a "reasonable fee" in this case under these circumstances is **no fee**.

By:   /s/ Merry E. Lindberg
   Merry E. Lindberg, Esq.
   FL Bar No. 308102
   Direct:  561-345-7505
   Facsimile:  561-345-7501
   E-mail:  mlindberg@fordharrison.com
   Ford & Harrison LLP
   1450 Centrepark Blvd., Suite 325
   West Palm Beach, FL  33401

   Edward B. Carlstedt, Esq.
   Florida Bar No. 0136972
   Telephone:  813-261-7800
   Facsimile:  813-261-7899
   E-mail: ecarlstedt@fordharrison.com
   Ford & Harrison LLP
   101 East Kennedy Blvd., Suite 900
   Tampa, FL  33602

   *Attorneys for Defendant*

*Aldana v. Audiology Distribution, LLC d/b/a HearUSA*
Case No.9:19-cv-80339-RLR
Defendant's Response to Plaintiff's Motion for Attorneys' Fees

## **Declaration**

I, Merry E. Lindberg, declare under penalty of perjury that the foregoing is true and correct, as follows:

The emails attached hereto as exhibits are true and correct copies of email correspondence prepared by me and sent to Elliot Kozolchyk or received by me from Elliot Kozolchyk on the dates set forth in the emails.

Executed:  November 22, 2019.

/s/ Merry E. Lindberg
Merry E. Lindberg
Fla. Bar No. 308102

*Aldana v. Audiology Distribution, LLC d/b/a HearUSA*
Case No.9:19-cv-80339-RLR
Defendant's Response to Plaintiff's Motion for Attorneys' Fees

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 22, 2019, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Elliot Kozolchyk, Esq., Koz Law, P.A., 320 SE 9th St., Ft. Lauderdale, FL   33316,

ekoz@kozlawfirm.com.


/s/ Merry E. Lindberg_____
Merry E. Lindberg, Esq.
Florida Bar No. 308102

13